# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 2:03CR10084-001 |
| v. | ) **OPINION** |
| | ) By: James P. Jones |
| MIKAIL MAKEEN RAHMAN, | ) United States District Judge |
| Defendant. | ) |

*Kathleen Carnell, Special Assistant United States Attorney, Abingdon, Virginia, for the United States; Mikail Makeen Rahman, Pro Se Defendant.*

The defendant, a federal inmate proceeding pro se, filed this action as a Motion to Vacate, Set Aside or Correct the Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011), arguing that under *Watson v. United States*, 552 U.S. 74 (2007), one of his convictions must be vacated. The government has filed a Motion to Dismiss, arguing that the action is untimely filed and the claims are waived and without merit. The defendant has responded to the government's motion, making the matter ripe for disposition. After review of the record, I agree that the defendant is not entitled to relief under § 2255.

# I

A grand jury of this court returned a Superseding Indictment on September 25, 2003, charging Rahman with one count of conspiracy to possess with intent to distribute, one count of possession with intent to distribute, and three counts of possession of a firearm in furtherance of a drug trafficking crime. On April 29, 2004, Rahman appeared before the Honorable Glen M. Williams, Senior United States District Judge, and pleaded guilty, pursuant to a written plea agreement, to the conspiracy charge (Count One) and to one count of possession of a firearm in furtherance of a drug trafficking crime (Count Three), in violation of 18 U.S.C.A. § 924(c)(1) (West 2000 & Supp. 2011). In exchange, the government moved for dismissal of Counts Two, Four and Five. Judge Williams entered judgment against Rahman on August 9, 2004, sentencing him to 121 months imprisonment on Count One and 60 months on Count Three, to be served consecutive to the term imposed for Count One. Rahman did not appeal.

Rahman signed and dated this § 2255 action on November 29, 2010. In the motion, he argues that he is entitled to relief under the Supreme Court's holding in *Watson*, because receiving a firearm in trade for controlled substances does not constitute "use" of that firearm for purposes of a § 924(c) charge. 552 U.S. at 83. Specfically, Rahman asserts that under *Watson* (1) his offense conduct related to Count Three, bartering a gun for crack cocaine, does not constitute "use" of a

firearm under § 924(c); (2) the court erred in accepting his guilty plea when the facts on record did not support it; and (3) counsel was ineffective in failing to appeal the § 924(c) conviction.

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). A defendant's conviction becomes final for purposes of § 2255(f)(1) when the defendant's opportunity to appeal the district court's judgment expires. *Clay v. United States*, 537 U.S. 522, 525 (2003).

The government argues that Rahman's motion is untimely under § 2255(f). I agree.

First, Rahman did not file his § 2255 motion within one year of the date on which his conviction became final. Judgment was entered on August 9, 2004, and his conviction became final ten business days later, on August 23, 2004, when his opportunity to appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) (2004). His one-year filing period under § 2255(f)(1) expired on August 23, 2005. Even considering Rahman's § 2255 motion to have been filed on November 29, 2010, when he signed it and presumably delivered it to prison officials for mailing to the court, it was not timely filed under § 2255(f)(1).

Second, Rahman also failed to file his § 2255 motion within one year of December 10, 2007, the date on which the *Watson* decision issued. Thus, although Rahman rests his claims on the *Watson* decision, he has waited too long to bring those claims in a timely manner under § 2255(f)(3).

Third, Rahman has not alleged facts on which his § 2255 motion could be deemed timely under § 2255(f)(2), based on the removal of an impediment, or § 2255(f)(4), based on newly discovered facts concerning his case. Therefore, I find that Rahman's § 2255 motion must be dismissed as untimely filed.

Rahman argues that his procedural default in failing to file his § 2255 motion within the statutory filing period should be excused because he is actually innocent of violating § 924(c)(1). A defendant's showing of actual innocence can excuse his default of a § 2255 claim that he could have raised on direct appeal, but

-4-

failed to do so. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). Rahman does not cite any binding authority holding that an "actual innocence" exception exists for motions time-barred under § 2255(f), and I find no such authority. Moreover, the United States District Court for the District of South Carolina, following the rulings of multiple federal courts of appeals, has held that no actual innocence exception applies to excuse a defendant's failure to file a timely § 2255 motion. *See Blakney v. United States*, Criminal Action No. 4:06–cr–00584–RBH–1, Civil Action No. 4:11–cv–70024–RBH, 2011 WL 1113468, at *4 n.7 (D. S.C. Mar. 24, 2011), *appeal dismissed*, No. 11–6562, 2011 WL 4336742, at *1 (4th Cir. Sept. 16, 2011).[1] In the absence of controlling authority authorizing an actual innocence exception to § 2255(f), and consistent with the South Carolina court's ruling in *Blakney*, I "find[ ] compelling those cases declining to find an actual innocence exception" and conclude that Rahman's § 2255 motion is properly dismissed as untimely filed. *Id.*

III

In any event, even if Rahman could demonstrate that his § 2255 claims are timely filed or must be considered on the merits for some other reason, such as equitable tolling of the § 2255(f) limitation period or through another form of

---

[1] *But see Souter v. Jones*, 395 F.3d 577, 599–600 (6th Cir. 2005) (allowing equitable tolling of § 2244(d) statute of limitations based on actual innocence).

collateral attack, such as a petition for a writ of habeas corpus under 28 U.S.C.A. § 2241 (West 2006) or a petition for a writ of coram nobis under 28 U.S.C.A. § 1651 (West 2006), he is not entitled to relief. In whatever post-conviction vehicle he might place them, Rahman's *Watson* claims fail on the merits.

Section 924(c)(1)(A) reads, in pertinent part:

> any person who, during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years;

§ 924(c)(1)(A)(i). Courts have interpreted this section as creating distinct "use and carry" and "possession" offenses. *See, e.g., United States v. Gamboa*, 439 F.3d 796, 810 (8th Cir. 2006). As stated, *Watson* stands for the principle that a person who merely receives a firearm in trade for controlled substances does not "use" that firearm for purposes of a § 924(c) charge. 552 U.S. at 83. The government pointed out in *Watson* that "a drug dealer who takes a firearm in exchange for his drugs generally will be subject to prosecution" under the "possession prong" of § 924(c)(1)(A), but the Court expressly stated that "[t]his view may or may not prevail, and we do not speak to it today." *Id.* (internal quotation marks and citation omitted).

The Fourth Circuit reads "furtherance" in § 924(c)(1)(A) according to its plain meaning: "the act of furthering, advancing, or helping forward" the

defendant's drug crime. *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002) (internal quotation marks and citations omitted). I have held that a defendant's conduct supports a conviction for possession of a firearm in furtherance of his drug trafficking crime, in violation of § 924(c)(1)(A), when he "obtained the firearm in the course of his drug trafficking activities and, in doing so, furthered his drug business by providing the consideration for his drugs." *See United States v. Robinson*, No. 2:01CR10026, 2009 WL 1650486, at *3 (W.D. Va. June 12, 2009); *Short v. Shultz*, No. 7:08CV00057, 2008 WL 1984262, at *3 (W.D. Va. May 6, 2008), *aff'd*, 298 F. App'x 246 (4th Cir. 2008), *cert. denied*, 129 S. Ct. 1376 (2009); s*ee also, e.g., United States v. Vaughn*, 585 F.3d 1024, 1029-30 (7th Cir. 2009) (finding that receipt of firearm during drug transaction constituted possession in furtherance of that transaction under § 924(c)(1)).

Count Three of the Superseding Indictment in this case charged Rahman not only with using and carrying a firearm, but also with possession of a firearm in furtherance of a drug trafficking crime, in violation of § 924(c)(1). His Plea Agreement stated that he was pleading guilty to Count Three, "charging [him] with the possession or use of a firearm" under § 924(c)(1). At the guilty plea hearing, the government stated that had Rahman proceeded to trial, the government would have produced evidence that "on August 7th of 2003 [during] a controlled buy . . .

Mr. Rahman accepted a Taurus handgun in exchange for crack cocaine."[2]  (ECF No. 184, at 18.)  The government asserts that on this evidence, a reasonable juror could have found that Rahman "possessed" the firearm "in furtherance of" the drug transaction.  I agree.

Rahman argues that because the confidential informant introduced the idea of exchanging a firearm for drugs and brought the firearm to the transaction on August 7, 2003, Rahman's acceptance of the firearm in trade for the crack cocaine he brought to the transaction did not further the transaction.  I find no logical basis for this attempted distinction.  Regardless of when Rahman decided to exchange

---

[2]  In Rahman's presentence report, the probation officer gives the following description of the government's evidence of Rahman's offense conduct, related to his firearm offense:

> On August 7, 2003, ATF agents and state officers conducted an undercover buy/bust operation in Kingsport, Tennessee. That operation resulted in the arrest of Mikail Rahman.  On that date, Mikail Rahman approached Jessee Banks and the CI at the predetermined location. Banks purchased an alleged one-half ounce of crack cocaine for $1,000 from Rahman, and he received a small quantity for his personal use. Rahman then traded with the CI a quantity of crack cocaine, approximately one-eighth of an ounce for a Taurus, model PT945, serial number NSC29487. That handgun was found to be fully functional. . . .
>
> Rahman admitted that on occasions, crack cocaine was traded for firearms by him and other indicted defendants. He further indicated that Fowler accompanied him to Virginia about fifty percent of the time, and that they sold crack cocaine to common and individual customers.

(Presentence Report ¶ 20, 24, July 7, 2004.)  The Presentence Report also indicates that another witness interviewed by investigators about her knowledge of Rahman's drug trafficking activities "advised that she also heard Rahman ask about trading guns for crack cocaine."  (*Id.* ¶ 28.)

drugs for the firearm, he did knowingly allow that firearm to serve as the "valuable consideration" for his drugs and then "obtained it in the course of" the transaction, thus possessing the gun in furtherance of his drug business, in violation of § 924(c)(1). *Robinson*, 2009 WL 1650486 at *3. Under this analysis, I am satisfied that the government's evidence amply supported Rahman's guilty plea to the § 924(c)(1)(A) charge that he possessed a firearm in furtherance of his drug trafficking activity. This finding precludes relief on any of Rahman's claims.

First, although Rahman is correct that after *Watson*, his conduct no longer constitutes "use" of a firearm for purposes of § 924(c)(1), that same conduct clearly supports a conviction for "possession," a separate offense with which he was also charged and to which he pleaded guilty. As such, I cannot find that he is entitled to any relief from his conviction or sentence on Count Three and conclude that Claim (1) in this action must be denied.

Second, because Rahman's offense conduct supports his conviction for possession, the court did not err in accepting the factual basis offered for Rahman's guilty plea. Claim (2) in this action must, therefore, be denied.

Third, counsel did not act unreasonably or prejudice Rahman's case in any way by failing to appeal his § 924(c)(1) conviction, because that conviction was fully supported by the government's evidence in support of the guilty plea to possession under § 924(c). *See Strickland v. Washington*, 466 U.S. 668, 687

-9-

Case 2:03-cr-10084-JPJ-RSB   Document 193   Filed 12/15/11   Page 9 of 12   Pageid#: 362

(1984) (finding that to prove counsel's representation was so defective as to require reversal of the conviction or sentence, defendant must meet two-prong standard, showing counsel's defective performance resulted in prejudice). I must deny relief on Claim (3).

For these reasons, I conclude that Rahman is not entitled to any form of post-conviction relief from his § 924(c)(1) conviction or sentence under the *Watson* decision. I will, accordingly, deny relief in this case on the merits.

IV

As an alternative ground for dismissal, the government argues that Rahman waived his right to bring this § 2255 action. This argument, too, has merit.

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Whether the waiver is intelligent and voluntary depends "'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any

-10-

Case 2:03-cr-10084-JPJ-RSB   Document 193   Filed 12/15/11   Page 10 of 12   Pageid#: 363

§ 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Lemaster*, 403 F.3d at 221-22.

Rahman's Plea Agreement included a provision whereby he knowingly waived his right to bring a § 2255 motion concerning this conviction.[3] Before accepting Rahman's guilty plea, pursuant to the Plea Agreement, Judge Williams questioned him carefully to ensure that Rahman was entering the plea knowingly and voluntarily, and found that he was. The judge specifically asked whether Rahman understood that he was waiving his right to appeal or collaterally attack his conviction or sentence, and Rahman answered, "Yes." (ECF No. 183, at 4.) I, too, have reviewed Rahman's responses during the plea colloquy and find no indication there that his guilty plea, including the waiver of § 2255 rights it included, was invalid.

In response to the government's waiver argument, Rahman challenges the validity of his plea, arguing that if counsel had only explained how his conduct did not satisfy the elements of the possession offense under § 924(c)(1), he would not

---

[3] Paragraph 11 of the Agreement read:

> I agree not to collaterally attack the judgment and/or sentence imposed in this case and waive my right to collaterally attack, pursuant to [28 U.S.C. § 2255] the judgment and any part of the sentence imposed by the Court. I agree and understand that if I file any court document seeking to disturb, in any way, the judgment and/or sentence imposed in my case, the United States will be free to take whatever actions it wishes based on this failure to comply with my obligations under the plea agreement.

(ECF No. 60, at ¶ 11.)

-11-

Case 2:03-cr-10084-JPJ-RSB   Document 193   Filed 12/15/11   Page 11 of 12   Pageid#: 364

have pleaded guilty. As discussed, I am satisfied that Rahman's offense conduct does satisfy the elements of the possession offense. Moreover, during the plea colloquy, when Judge Williams asked whether Rahman was satisfied with his attorney's representation and whether counsel had reviewed the Plea Agreement and explained its terms so that he felt like he "thoroughly underst[ood]" everything in it, Rahman answered, "Yes, sir." (ECF No. 184, at 11-12.) Rahman's claim of ineffective assistance of counsel on appeal has no bearing on the validity of his guilty plea and, in addition, is in direct contradiction of his statements under oath. Because Rahman thus fails to demonstrate any ground sufficient to undermine confidence in the validity of the guilty plea or his waiver of collateral attack rights, his current claims are waived pursuant to his valid Plea Agreement waiver of collateral attack rights. *Lemaster*, 403 F.3d at 221-22.

IV

In conclusion, I find that Rahman's § 2255 motion must be dismissed. A separate Final Order will be entered herewith.

DATED: December 15, 2011

/s/ James P. Jones
United States District Judge